UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JAMES PETER KYRICOPOULOS,  )
    petitioner  )
    )
    )
    v.  )  Civil Action No. 15-12789-IT
    )
LISA MITCHELL,  )
    respondent  )

---

### PETITIONER'S AFFIDAVIT IN SUPPORT OF PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

I, James Peter Kyricopoulos state the following to be true:

1. I, James Peter Kyricopoulos, am the petitioner in the above civil action.

2. I am appearing pro-se.

3. I am currently incarcerated at Old Colony Correctional Center, Minimum Security, One Administration Road, Bridgewater, Massachusetts, 02324.

4. After reviewing the respondent's Memorandum of Law in Support of the Motion to Dismiss, the respondent through her counsel has attempted to confused the issues presented within the petitioner's habeas corpus, and by doing so, has intentionally misled, has intentionally presented falsde and knowingly false representations of the FACTS.

5. The respondent's counsel makes the following false assertions within her Memorandum of Law and Argument:

> Page 3: quote: "He readily admits in his habeas petition that he did NOT follow the appropriate procedure to present his claim to theMassachusetts Appeals Court and Supreme Judicial Court, See Petitioner's Habeas Corpus Petition, pg. 6.," end of quote.

> Page 4: quote: "No factual record regarding the claim that Kyricopoulos asserts before this Court has been developed in state court. Kyricopoulos offers no reasoning in conjunction with his habeas corpus beyond a rambling affidavit complaintxxxx complaining of incorrect docketing by the court clerk, and a vague assertion that Detective MacMillan's basis for probable cause for Kyricopoulos' arrest was incorrect information about Kyricopoulos' bank account. His allegations have not been tested in the state court due to his own inaction and are not simply not enough to overcome AEDPA'S exhaustion mandate." end of quote.

> Page 1: quote: "Petitioner has never pursued an appeal in the state courts to challenge his conviction," end of quote.

Reviewing the aforementioned three (3) quotes, the respondent's counsel declarations, insult the petitioner, demean the petitioner, YES, he is pro-se, in prison but what follows will make respondent's counsel to thinktwice if she she wishes to continue as respondent's counsel, vague assertion re: Detective MacMillan, petitioner has never pursued an Appeal, and the Petitioner did NOT follow the apprpriate procedure to present his Claim to the State's highest Courts, but REALLY the best one, that the Clerk did docketing that was INCORRECT, REALLY, absolutely stimulating.

6. Directing this Court to Respondent's Memorandum of Law, in Support of Motion to Dismiss, etc., page 2, under Prior Proceedings, Respondent states that the petitioner filed Petition of Unlawful Restraint on October 29, 2014, and a Motion to Revise and Revoke on January 5, 2015, and quote "Kyricopoulos filed his Notice of Appeal (Pç101) on April 28, 2015. Interesting, is this the "chronology that is true and "accurate, or is this deceptive and misleading because the petitioner is pro-se.

7. Reviewing par. 6, the respondent does not state when the Petition of Unlawful Restraint was Denied, or whatever, state the Notice of Appeal was filed on April 28, 2015, some 6 month period, something strange with that, but reviewing her Exhibit 1 in her Addendum, page 12, Petitioner's Petition of Unlawful Restraint was DENIED on November 3, 2014, Petitioner filed Motion to Amend, entered on dockert on December 22, 2014, entery no. 90, Motion Allowed only to extent that the pleading seeks to amend the prior pleading. No further amendments will be permitted. quote from docket entry no. 90, on December 22, 2014. (Thomas Dreschler, Justice). this was the Trial Judge, there were also a number of other motions beside Revise and Revoks on January 5, 2015, also Motion to Stay Revise and Revoks same day, Motion to Correct Record on February 13, 2015, entry no. 94, also same day Motion to Compel, entry no. 95. TheseMotions were also ruled upon by Judge Dreschler approximately 7 -10 days later. Petitioner also Motion of Recusal of Judge Dreschler, entered on docket on March 19, 2015, entry no. 98, Denied By Dreschler on March 30,

    2015, 2015. Reviewing the docket entries, Respondent's counsel did not see these Motions, or wait a minute, petitioner is pro-se.

8. The petitioner as part of his Habeas Corpus petition included an affidavit that was so compelling it was insane, OH wait a minute, the respondent said it was rambling, really, the petitioner will now submit many of those facts with new ones that the petitioner intentionally held back to see how the Attorney General would respond, enjoy the next few paragraphs with related exhibits.

9. See Petitioner's exhibit 1, within are copies of Cover letter addressed to Clerk, Lawrence Superior Court, pages 1-2, dated November 25, 2015, this filed after Trial Court, Dreschler, J Denied Petition of Unlawful Restraint on November 3, 2014, PLEASE REMEMBER Petition was DENIED IN ONLY 5 DAYS AFTER CLERK RECEIVED IT. Reviewing cover sheet, Petitioner filed one MOtion to Amend and two Amended Petition that is clear to comprehend, also included within exhibit 1, copies of Motion to Amend Petition of Unlawful Restraint , pgs. 1-2, and Amended Petition of Unlawful Restraint, pages 1-2, both dated November 25, 2014.

10. The petitioner received Court's Ruling and noticed that Amended petition was not ruled upon, forwarded request for updated dockets entries, received a copy printed out on January 13, 2015, pages 1-11, directing the Court to Petitioner's Addendum, exhibit 2, within is page 10 ONLY, kindly review entry no. 90, ONLY Motion to Amend and Ruling re: Motion to Amend, what happened to Amended Petition.

11. Petitioner immediately forwarded to Chief Justice Casey a

complaint against Clerk of Courts, THomas Driscoll, Jr et, that the Office of the Clerk intentionally ommitted the Petitioner's Amended Petition, of course a very sinister act that must include the Trial Judge, Dreschler and Duistrict Attorney Blodgett.

12. On or about May 1, 2015 the Petitioner now being incarcerated at Old Colony Correctional Center, Minimum Security received two (2) letters dated February 13, 2015, see Petitioner's Addendum, exhibit 3. Please review, one: addressed to Thomas Driscoll, Jr, Clerk of Courts, Essex Superior Court, , she , Attorney Barrett is requesting on my behalf that the two filings, Defendant's Motion to Amend Defendant's Petition of Unlawful Restraint and Amended Petition of Unlawful Restraint, ITSELF, repeat, ITSELF be docketed, and the other letter addressed to the petitioner, explaining that ONLY the Clerk's office has the ability to docket the two motions, don't you LOVE IT.

13. Weeks go by, nothing from the Clerk's office, what happen to the Petitioner's Amended Petition, the Petitioner received from Clerk, other rulings, but Nothing, do **not** forget the petitioner had filed Motion of Recusal and Habeas Ad Testificandum to be brought to Court, Nothing. On or about ~~May~~ April 21, 2015, the petitioner received a set of docket entries printed out on April 15, 2015, please see Petitioner's Addendum, exhibit 4, docket entries, pages 13-15, Recusal Motion DENIED, see page 14 on March 30, 2015, Habeas Corpus Ad Testificandum, DENIED on March 30, 2015, and please see entry no. 100, dated April 15, 2015, quote:

"Defendant, James Peter Kyricopoulos amended petition of Unlawful Restraint pursuant to criminal rule 30A filed same day as Pleading ç90, and after full consideration of the Petition as Amended the Petition is DENIED. (Feeley, J.) notice sent," end of quote.

After months, Clerk's office contacted by Attorney Barrett of the Trial Court, all of sudden the Petitioneer's Amended Petition has surfaced, is this sick, and go to page 13 of exhibit 4, see entry no 90, STILL Amended Petition not entered, WHAT IS GOING ON, HOW SICK ARE THESE PEOPLE.

14. Please understand, the petitioner must be respectful to this Court, WHY did he take over 4 months to get a ruling on the Petitioner's Anmended Petition, and by a different Judge, when the Original Petition of Unlawful Restraint was DENIED IN 5 days, well see exhibit 5, respondent's counsel said in her Memorandum of Law, the petitioner has made a vague assertion re: Detective MacMillan and probable cause to arrest. Within exhibit 5, is Detective MacMillan' investigation dated June 25, 2012, see second paragraph, quote:

> "I contacted TD Bank and was told that the account that he wrote the two checks on to Ocwen Loan Servicing, was a closed account as of 2010," end

of quote. See page two of Detective MacMillan's investigation, quote:

> "I will also attach the checks written out to Kyricopoulos and letters from the mortgage company and the checks written out on the closed account,

further on same page two, quote:

> " I will be seeking a warrant for the arrest of James Kyricopoulos for larceny by scheme in Lawrence District Court," end of quote.

Summary of, the petitioner was issuing checks off a clos-

ed account, checks written in 2011, that was quite a SCHEME. Again directing your attention to exhibit 5 again, kindly review Attorney Allison's Rule 17 Motion re: Phone calls between Detectrive MacMillan and T D Bank, dated December 19, 2012, see affidavit in counsel filing, no. 5 and 6, quote:

> " My client provided me with a stastement from 2011 regarding the account in question, showing the account was still active," end of quote.

See paragraoph 6, summarizing the documents requested will provide information to impeach the expected testimony of Detective MacMillan, a witness the Defendant will subpoena to Court.

How is that for probable cause, then no probable cause, YES, I know about heasay statement, etc., and I must direct your attention to exhibit 5 again, see a copy of a document  title

> " COMMONWEALTH'S MOTION IN LIMINE TO PRECLUDE ARGUMENT CONCERNING FRAUD ON THE PART OF OCWEN, OTHER PAY_ MENTS MADE BY THE DEFENDANT, FALSE ARREST,"
>
> dated October 19, 2014, Yes, this was given to the Petitioner day of Closing Arguments, please read paragraph one, the Petitioner proved all of those po- ints, and the ADA says no evidence, REALLY , NO EVI- dence, WHY, is this filing by the Commonwealth not ENTERED on the Docket, COME ON Petitioner , not another filing not on the docket. Yes, I could not argue these facts to JURY, in other words Trial was RIGGED.

15. During all of this garbage, waiting for weeks for papers from the Court, I was transferred to this institution that I am currectly at, I was transferred here at the end of January, this year, I had to file a grievance with the respondent, Lisa Mitchell, see exhibit 6 of Petitioner's Addendum, see pages 1-3, kindly review, in summary, my 90 year old mother was inconvenienced in the visiting room, I cannot make legal copies, and I was without blood pressure medication for 4 days, putting me in great risk of hav- a stroke. Reviewing the grievance, it is all spelled out, again see exhibit 6, respondent's reply dated April 7, 2015, some 5 weeks after petitioner's grievance dated February 27, 2015, her reply I believe is called legally defic- ient, OH , I forgot, I am pro-se and in jail.

16. Getting back to the Clerk, I received the docket entries printed out on April 15, 2015, again exhibit 4, it states notices sent out, of course I never received any notice, so directing your attention to Petitioner's Addendum, exhibit 7, copies of letters to Thomas Driscoll, Jr, one: dated April 26, 2015, kinfdly review, YES, I filed Notice of Appeal, using page 15 of docket entries, see pages 1-5, I played a game with Court, of course you cannot per- fect Appeal without copy of ruling, waited weeks, no reply, sent out second and final request to Clerk, see copy of dated May 19, 2015, pgs. 1-2, and sent out copy of letter Attorney Barrett, dated May 20, 2015, you remember her, WELL, NOTHING FROM COURT, NOTHING, NOT ONE WORD FROM ATT. BARRETT.

The petitioner is soi amused by the respondent's counsel, here is a Asst' attorney General, the top cop in the Commonwealth, reviewing Petitioner's habeas corpus, page 5, he states that he cannot Appeal the Rule 30A Denial, if he did happen, she in her prior proceedings, enters Notice of Appeal, and makes it look like the Appeal of April 28, 2015 is the Appeal of the Petition of Unlawful Restraint filed by the Petitioner the day after he was sent to Walpole, how ill is she.

The Petitioner has submitted within this Affidavit the following:

1. Petition of Unlawful Restraint filed on October 29, 2014, Denied on November 3, 2014;

2. Petitioner filed Motion to Amend and Amended Petition dated November 25, 2014, Motion to Amend Allowed on December 22, 2014, Amended Petition not ruled on, NOT EVEN ENTERED on Docket;

3. Petitioner received docket entries printed out on January 13, 2015, showing that the Amended Petition filed with Motion to Amend not entered on docket, Trial Judge chose not to rule on it, keep Petitioner in Jail;

4. Petitioner files complaint with Chief Justice Casey of Trial Courts in Boston, her administrative counse Attorney Barrett forwards inquiry to Thomas Driscoll, Jr dated February 13, 2015 re: the two filings dated November 25, 2014 along with letter addressed to Petitioner;

5. Clerk entered the letter from Attorney Barrett on the docket on March 11, 2015, almost a month after

Clerk received it, entry no. 96, wonder WHY so long;

6. Petitioner submits again that Trial Judge Dreschler ruled on a number of Motions after he conspired with Clerk and DA not to touch Amended Petition, WHY;

7. Received docket entries printed out on April 15, 2015, entry no. 100, Amended Petition filed with Motion to Amend back in December of 2014, and it was DEnied by Judge Feeley, WHY, law compels TRial Judge to rule on it, but Petitioner states this in his Habeas Corpus, but not one word from Respondent's counsel, is this really the Attorney General of Massachusetts, but I was told, this day will come, and watch the Attorney General's response, whole different set of facts, not facts,m but just "rambling on" Ms. Benedetto;

8. Petitioner sent two letters to Thomas Driscoll, Jr, where is the ruling, copy of, see you later Petitioner, just sit in Jail, letter even sent to Attorney Barrett in May of 2015, here 3 months later, not one word from her office, WOW, cannot Appeal without ruling, petitioner is pro-se, this is Massachusetts, the home of liberism, we the government who has constitutional rights, and as the petitioner has researched, Habeas Coppus Relief must be grantedif

> A) If the petitioner is in state custody and his rights have been violated, any question about the petitioner's 4 th amendment of U S Constitution being violated;
>
> B) there is an absence of available state corrective process; or
>
> C) Circumstances exist that render such process ineffective to protect the rights of the Applicant; I guess this says it ALL.

9. The document titled Commonwealth's Motion in Limine not entered on docket, this Court must agree, it is quite a joint venture and pattern of conduct that the petitioner has submitted within this Affidavit.

The Petitioner has given this Court enough, what rights does the petitioner have in the Commonwealth, he has been KIDNAPPED, plain and simple, 9 1/2 months of false imprisonment, is that enough, and to respondent's counsel, you are the rambling queen, the petitioner loves the word incorrect submitted by her, WOW, are we in trouble in this sick state.

## CONCLUSION

The respondent's Motion to Dismisss must be DENIED, and kindly release the petitioner from state custody immediately.

Signed under the pains and penalties of perjury this 13th day of August, 2015.

James Peter Kyricopoulos

CERTIFICATE OF SERVICE

I, James Peter Kyricopoulos, petitioner, pro-se do hereby certify that true copies of the enclosed, Petitioner's Opposition to Respondent's Motion to Dismiss, and Petitioner's List of Witnesses was mailed to Annette Benedetto, Asst' Attorney General, at her usual place of business, One Ashburton Place, Boston, Massachusetts, 02108-1518 by first class mail, postage prepaid this 13th day of August, 2015.

James Peter Kyricopoulos

Dated: August 12, 2015