UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————
                                                          )
JAMES PETER KYRICOPOULOS,                )
                                                          )
            Petitioner,                                )
                                                          )
            v.                                              )          Civil Action No. 15-12789-IT
                                                          )
LISA MITCHELL,                                       )
                                                          )
            Respondent.                             )
———————————————————)

REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION
TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES AND
PETITIONER'S MOTION TO BE RELEASED FROM CUSTODY IMMEDIATELY
[Docket Nos. 12, 19]

February 9, 2016

BOAL, M.J.

        On June 23, 2015, James Peter Kyricopoulos, who is currently serving a three to five-

year sentence in a Massachusetts correctional facility, petitioned this Court for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Docket No. 1.  Respondent Lisa Mitchell has filed a motion to

dismiss Kyricopoulos' petition for failure to exhaust state court remedies.  Docket No. 12.

Kyricopoulos has filed a motion to be released from custody immediately.  Docket No. 19.[1]  For

the following reasons, I recommend that the District Judge assigned to this case grant the

Respondent's motion to dismiss and dismiss Kyricopoulos' petition without prejudice.  I further

_____

[1] On July 28, 2015, the District Court referred this case to the undersigned for full pretrial
management and report and recommendation on dispositive motions.  Docket No. 7.

recommend that the District Judge deny Kyricopoulos' motion to be released from custody immediately.

I.       RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On October 22, 2014, an Essex County jury convicted Kyricopoulos of nineteen counts of larceny over $250.  Docket No. 13-1 at 14-15.  He was sentenced to three to five years in prison, with eight years of probation after his release.  Id. at 15.

After his conviction, Kyricopoulos filed a renewed motion for a required finding of not guilty, which was denied on October 28, 2014.  Id.  He filed a notice of appeal on October 28, 2014.  Id.

On October 29, 2014, Kyricopoulos filed a motion for release for unlawful restraint pursuant to Mass. R. Crim. P. 30(A).  Id.  That motion was denied on November 3, 2014.  Id.  On December 22, 2014, Kyricopoulos filed a motion to amend his petition of unlawful restraint.  Id.  The state court allowed the motion only to the extent that the pleading sought to amend the prior pleading.  Id.

On January 5, 2015, Kyricopoulos filed a motion to revise and revoke his sentence.  Id. at 16.  The state court denied that motion on February 23, 2015.  Id.

On March 11, 2015, the clerk docketed a letter from the Executive Office of the Trial Court enclosing a letter from Kyricopoulos as well as copies of Kyricopoulos' motion to amend his petition of unlawful restraint and the petition itself.  Id.; see also Docket No. 14-2 at 11.

On April 15, 2015, the state court denied Kyricopoulos' amended petition of unlawful restraint pursuant to Mass. R. Crim. P. 30A.  Docket No. 13-1 at 17.  Kyricopoulos filed a notice of appeal on April 28, 2015.  Id.  He filed the instant petition on June 23, 2015.  Docket No. 1.

II.    <u>ANALYSIS</u>

Respondent argues that Kyricopoulos' petition should be dismissed because he failed to exhaust available state court remedies.  Docket No. 12.  The Court agrees.

"In recognition of the state courts' important role in protecting constitutional rights, the exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>accord</u> 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

A habeas petitioner bears the "heavy burden" of demonstrating the fulfillment of the exhaustion requirement.  <u>Barresi v. Maloney</u>, 296 F.3d 48, 51 (1st Cir. 2002).  In order to satisfy the exhaustion requirement, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal."  <u>Mele v. Fitchburg District Court</u>, 850 F.2d 817, 820 (1st Cir. 1988) (citations omitted).  In Massachusetts, that standard is met "by 'fairly presenting' a federal claim 'within the four corners of the [application for further appellate review to the SJC].'"[4]  <u>Clements v. Maloney</u>, 485 F.3d 158, 162 (1st Cir. 2007) (citing <u>Mele</u>, 850

---

[4] "Though the SJC and the [Appeals Court] have concurrent jurisdiction in many areas, and direct review in the SJC may be sought in certain cases, the usual appellate route in virtually all criminal matters leads first to the [Appeals Court]."  <u>Mele</u>, 850 F.2d at 820 (internal citations omitted).  "Once the [Appeals Court] has resolved a case, the losing party may seek further appellate review in the SJC, but the SJC can, generally speaking, accept or decline the proffer, as

F.2d at 823); Adelson, 131 F.3d at 263 (In analyzing exhaustion, "the decisive pleading is the application for further appellate review ..."). Claims "omitted entirely from an [application for further appellate review] cannot be exhausted." See Mele, 850 F.2d at 820-23.

The record shows that Kyricopoulos filed an amended petition of unlawful restraint pursuant to Mass. Crim. R. P. 30A, which appears to raise the same grounds contained in his petition for a writ of habeas corpus. Docket No. 1-1 at 9-10; Docket No. 13-1 at 17. That motion was denied by the trial court on April 15, 2015. Docket No. 13-1 at 17. He then filed a notice of appeal on April 28, 2015. Id. It appears that nothing further has happened since the filing of the notice of appeal in April 2015. See Docket No. 37.[2] Kyricopoulos has not presented the issues to the Appeals Court, let alone the Supreme Judicial Court. See Petition at 6. Therefore, he has not exhausted his state court remedies as he is required to do.

Kyricopoulos makes a number of vague and unsupported assertions regarding the trial court's alleged failure to properly docket his amended petition of unlawful restraint and send him

---

it chooses." Id. While review by the SJC is usually discretionary, a petitioner must give the SJC a fair opportunity to consider the claim in order to satisfy the exhaustion requirement. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that in order to satisfy the exhaustion requirement, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate process," including any discretionary appeals that are an "established part of the State's appellate review process.").

[2] While the question of exhaustion is generally decided as of the time a habeas petition is filed, see Domaingue v. Butterworth, 641 F.2d 8, 14 (1st Cir. 1981), the Court nevertheless recently ordered the Respondent to file an updated docket sheet. Docket No. 36. On February 2, 2016, the Respondent did so. Docket No. 37. The newly filed docket sheet shows only two entries since Kyricopoulos filed his notice of appeal: an entry on May 26, 2015 stating "JAVS DVD/CD Received from OTS dated 5/22/14" and entry on December 12, 2015 stating that "General correspondence regarding Box of trial exhibits from evidence room at Lawrence Superior Court sent to Salem Superior Court."

4

a copy of the trial court's decision denying that petition.  <u>See</u>, <u>e.g.</u>, Docket No. 2 at 2-5; Docket No. 20 at 2-7; Docket No. 33 at 2-5.  However, those vague assertions are insufficient to meet Kyricopoulos' "heavy burden" of demonstrating that he has exhausted his state court remedies. Accordingly, the Court recommends that the District Judge grant the Respondent's motion to dismiss and dismiss Kyricopoulos' petition without prejudice.

Because the Court has recommended that the District Judge dismiss Kyricopoulos' petition, it also recommends that she deny Kyricopoulos' motion for immediate release from custody.

III.     <u>RECOMMENDATION</u>

For the foregoing reasons, I recommend that the District Judge assigned to this case grant Respondent's motion to dismiss and dismiss Kyricopoulos' petition without prejudice.  I further recommend that the District Judge deny Kyricopoulos' motion to be released from custody immediately.

IV.     <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>,

199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir.

1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge
