UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES PETER KYRICOPOLOUS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-12789-IT |
| | * | |
| LISA MITCHELL, | * | |
| | * | |
| Respondent. | * | |

ORDER

March 30, 2016

TALWANI, D.J.

This is an action pursuant to 28 U.S.C. § 2254 in which Petitioner seeks habeas corpus relief following conviction for larceny over $250. Respondent has filed a Motion to Dismiss [#12] the petition for failure to exhaust state court remedies. Petitioner has filed a Motion to be Released from Custody Immediately [#19] and a Motion for Contempt [#22]. The court referred the matter to Magistrate Judge Boal. On February 9, 2016, she issued her Report and Recommendation [#39] recommending that the motion to dismiss be allowed and motion to be released from custody be denied, and her Report and Recommendation [#43] recommending that the motion for contempt be denied. Petitioner filed Objections [#46] and a Motion to Amend Petitioner's Objections [#54].

Upon *de novo* review, and after consideration of Petitioner's Objections [#46] and Motion to Amend Petitioner's Objections [#54], the court adopts both the Report and Recommendation [#39] and Report and Recommendation [#43] for the reasons set forth therein and below.

The law is clear that, in general, "state remedies must be exhausted except in unusual

circumstances" and that federal courts rarely will "interfere with the administration of justice in the state courts." Rose v. Lundy, 455 U.S. 509, 515 (1982); see also 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]").  Here, Petitioner claims that the state had no probable cause to arrest him and thus violated his rights under the Fourth Amendment to the United States Constitution.  Pet. 4 [#1].  Petitioner raised this issue in state court in an amended petition of unlawful restraint pursuant to Mass. R. Crim. P. 30A, but has not exhausted his state court remedies by presenting the issue to the Massachusetts Appeals Court and the Supreme Judicial Court.

The court considers further whether Petitioner may be excused from his exhaustion requirements.  Petitioner asserts that he has been denied the right of appeal.  Id. at 4, 6.  His filings focus primarily on the docketing and ruling on the Amended Rule 30A Petition.  By Petitioner's account, the Amended Rule 30A Petition was submitted to the Superior Court with his motion for leave to file, although only the motion for leave to file was docketed on December 22, 2014.  The documents Petitioner submitted with his petition suggest, however, that a copy of that Amended Rule 30A Petition was later forwarded by Attorney Elizabeth Barrett to the Clerk on February 13, 2015.  Pet. Ex. 1 12 [#1-1]; see also id. at 14 (Docket Entry 96, "Court received letter from Executive Office of Trial Court enclosing letter from defendant and related attachments – received 2/25/15.").  Thus, although the Amended Rule 30A Petition was not given a separate docket number, it now does appear to be part of the court file.  Finally, according to the docket sheet submitted by Petitioner, Judge Feeley of the Superior Court acknowledged that the Amended Rule 30A Petition had been submitted to the Superior Court

with the motion for leave to file, and after full consideration, denied it on April 15, 2015. Id. at 15 (Docket Entry 100).

Petitioner contends further that the "Clerk has refused to forward the Petitioner a Copy of the Court's Order, J. Feeley," and Petitioner claims (presumably for this reason) that he cannot appeal from the denial of his motion. Pet. 6. The docket sheet submitted by Respondent in support of the motion to dismiss, however, includes a docket entry subsequent to Judge Feeley's denial of the Amended Rule 30A Petition showing that a Notice of Appeal was docketed on April 28, 2015. Resp't's Mem. Law Supp. Mot. Dismiss Addendum 17 [#13-1]. Thus, while Petitioner contends that he was unable to appeal the denial of the Amended Rule 30A Petition, the docket supports Respondent's contention in the memorandum in support of the motion to dismiss that his "appeal of his conviction is still pending in the state courts." Rep't's Mem. Law Supp. Mot. Dismiss 4 [#13].

Petitioner asserts further that the appeal has not been processed by the Superior Court clerk. Pet'r's Aff. Supp. Mot. Compel 2 [#32]; see also Resp't's Resp. Feb. 2, 2016 Court Order, Exs. A, B [#37-1] (showing that, although the Superior Court docket sheet states that the Notice of Appeal was filed on April 28, 2015, no appeal has been docketed in the Appeals Court as of February 2, 2016). But even if Petitioner were correct that the Superior Court clerk has not processed Petitioner's appeal, Petitioner has not shown any steps Petitioner has taken to pursue or perfect that appeal. Nor does the record here suggest that Petitioner has presented his claim of purported inaction by the clerk to the state court by motion or petition, let alone any failure by the state court in addressing such motion or petition. Accordingly, this case does not present the rare circumstance where exhaustion may be excused.

In light of the foregoing, Petitioner's Motion to Amend Petitioner's Objections [#54] is

ALLOWED and has been considered together with Petitioner's Objections [#46].  After consideration of these objections, the court adopts both the Report and Recommendation [#39] and the Report and Recommendation [#43].  Respondent's Motion to Dismiss [#12] is ALLOWED and Petitioner's Motion to be Released from Custody Immediately [#19] and Motion for Contempt [#22] are DENIED.

    IT IS SO ORDERED.

Date: March 30, 2016                                            /s/ Indira Talwani
                                                                                          United States District Judge